UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELVIN L. LAMPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01821-TWP-TAB |
| ) | |
| ANGELA REEVES, ) | |
| ) | |
| Respondent. ) | |

**Order Granting Motion to Dismiss**

Petitioner Kelvin L. Lampkins filed this 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his 2017 Indiana state court conviction for dealing in a Schedule II controlled substance. The respondent has moved to dismiss the petition as untimely.

**I.     Background**

Mr. Lampkins pled guilty in 2017 to dealing in a Schedule II controlled substance. Dkt. 7-1 at 15−16. The trial court sentenced him on February 22, 2017, to eight years of probation. *Id.* at 16. Mr. Lampkins did not appeal. His probation was later revoked. *Id.* at 18.

On July 19, 2019, Mr. Lampkins filed a motion to correct erroneous sentence. *Id.* at 21. The trial court denied the motion, *id.* at 21, and the Indiana Court of Appeals dismissed Mr. Lampkins's appeal on February 15, 2020. Dkt. 7-4 at 2.

On July 7, 2020, Mr. Lampkins filed a petition for writ of habeas corpus in this Court, arguing that the Indiana trial court abused its discretion by denying his motion to correct erroneous sentence without a hearing. Dkt. 1. In a subsequent filing, he alleges that his sentence exceeds the maximum allowed by statute.

## II. Applicable Law

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A petitioner may also be entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

## III. Discussion

Mr. Lampkins's petition is untimely. His conviction became final on March 24, 2017, which was the deadline for him to file a timely direct appeal. 28 U.S.C. § 2254(d)(1)(A) (conviction final when time expires for seeking direct review); *see* Ind. R. Crim. P. 19 (notice of appeal must be filed within 30 days after sentencing). He therefore had until March 24, 2018, to file a timely habeas corpus petition. He filed his petition on July 7, 2020, well past the statutory deadline.

Mr. Lampkins argues that his motion to correct erroneous sentence reset the limitation period. Dkt. 8 at 2−3. But a motion to correct erroneous sentence is an application for collateral review. *Cf. State ex rel. Gordon v. Vanderburgh Cir. Ct.*, 616 N.E.2d 8, 9 (Ind. 1993) (per curiam) (treating motion to correct erroneous sentence as a petition for post-conviction relief). Such an application may toll, but not reset, the limitation period. *Fernandez v. Sternes*, 227 F.3d 977, 978−79 (7th Cir. 2000) (finding that it is illogical to toll a limitations period that has already passed). And tolling does no good for Mr. Lampkins, because the § 2244(d) limitation period had already expired by the time he filed his motion to correct erroneous sentence in July 2019. *Id.*

The following table summarizes the key dates:

| Conviction Final | March 24, 2017 | 365 days left in limitation period |
| Federal Habeas Petition Due | March 24, 2018 | 0 days left in limitation period |
| Motion to Correct Erroneous Sentence Filed | July 19, 2019 | 482 days beyond limitation period |
| Federal Habeas Petition Filed | June 2, 2020 | 836 days beyond limitation period |

### IV.    Conclusion

The respondent's motion to dismiss, dkt. [7], is **granted**. The petition for writ of habeas corpus is **dismissed**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date:   4/1/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KELVIN L. LAMPKINS
1300 S. Ebright
Muncie, IN 47302

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov